IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:22-cr-00057

CAILA VANCE,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

The Court has reviewed the Defendant's *Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2)* (Document 48) brought pursuant to 18 U.S.C. §3582(c)(2), to reduce the Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of

Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023).  Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

Finding that the Defendant is ineligible for relief, the Court has not directed Probation to complete a memorandum, appointed counsel, or ordered the parties to submit responses.

On September 15, 2022, the Defendant was sentenced to 72 months of incarceration, to be followed by four years of supervised release, for Distribution of 50 Grams or More of a Mixture or Substance Containing Methamphetamine in violation of 21 U.S.C. § 841(a)(1).  The Court calculated a Guideline range of 108 to 135 months, based on a total offense level of 29 and a criminal history category of III.  The Defendant had a total of 5 criminal history points.[1]

The Defendant was not a zero-point offender, and she did not receive status points.  Her Guideline range is not impacted by the implementation of Amendment 821 and would not be altered by the retroactive Guideline amendments.  Therefore, the Court finds that the Defendant is not eligible for relief.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2)* (Document 48) be **DENIED**, that any relief pursuant to Title 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on September 15, 2022, remain in effect.

---

[1] The PSR calculated four points.  However, the Court found that a conviction attributed one point in the PSR should have been attributed two points because the Defendant served more than sixty days on multiple revocations of probation and/or parole.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER:	January 22, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA